**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SCOTTSDALE INSURANCE COMPANY, )
)
        Plaintiff, )    Case No.: 2:12-cv-01328-GMN-CWH
vs. )
) **ORDER TO SHOW CAUSE**
LIBERTY MUTUAL INSURANCE )
COMPANY, )
)
        Defendant. )
)

## I. BACKGROUND

On October 18, 2013, Plaintiff Scottsdale Insurance Company ("Plaintiff") filed its Motion for Partial Summary Judgment. (ECF No. 41.)  On the same day, consistent with Local Rule 7-4, Plaintiff properly filed a Motion to File Excess Pages because its brief exceeded thirty pages (ECF No. 40), which the Court granted (ECF No. 42).

In response to Plaintiff's Motion for Partial Summary Judgment, Defendant Liberty Mutual Insurance Company ("Defendant") filed two separate documents.  First, Defendant filed a Response to Plaintiff's Motion for Partial Summary Judgment. (ECF No. 51.)  In addition, Defendant filed a fifty-nine page Response to Scottsdale's Statement of Proposed Undisputed Facts. (ECF No. 53.)

## II. DISCUSSION

Rule 7-4 of the Local Rules of Practice for the United States District Court for the District of Nevada limits the length of "pretrial and post-trial briefs and points and authorities in support of, or in response to, motions . . . to thirty (30) pages including the motion but excluding exhibits." D. Nev. R. 7-4.  Rule 7-4 also permits parties to request leave of the Court

to file excess pages.  In addition, when the motion in question is a Motion for Summary Judgment, Local Rule 56-1 requires that

> [m]otions for summary judgment and responses thereto shall include a _concise_ statement setting forth each fact material to the disposition of the motion, which the party is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies.

D. Nev. R. 56-1 (emphasis added).

The Court first notes that, both parties appear to share the same mistaken impression that the required statement of material facts may be filed as an exhibit and, thus, excepted from the thirty page limit. (_See_ Pl.'s Mot. for Partial Summ. J. Ex. 1, ECF No. 41 (attaching, as an exhibit, a sixteen page Statement of Undisputed Facts to the thirty-four page motion); _see also_ Def.'s Resp. to Pl.'s Statement of Proposed Undisputed Facts, ECF No. 53 (filing a fifty-nine page document of Undisputed Facts in addition to a separately-filed, fourteen-page Response (ECF No. 51)).)  The Motion to File Excess Pages (ECF No. 40), which the Court subsequently granted (ECF No. 42), cures any misunderstanding on Plaintiff's part.[1]  However, Defendant failed to file any such motion.

Defendant's filing of a separate "Response to Scottsdale's Statement of Proposed Undisputed Facts" is improper for multiple reasons.  First, nothing in the Local Rules indicates that the required statement of facts can be excepted from the page limit in Local Rule 7-4.  The Court recognizes that exhibits may be excepted from the page limit, but the Court cannot allow litigants to circumvent the page limit by attaching all material beyond the page limit as an "exhibit."  Second, fifty-nine pages is hardly the "concise statement" required by Local Rule 56-1.  Finally, Local Rule 56-1 expressly requires that the motion or response itself must _include_ the statement of facts; thus, filing a separate document is wholly improper.

---

[1] The Court acknowledges that Plaintiff has filed a Motion for Leave to File Excess Pages on its Reply Brief. (ECF No. 54.)  That Motion will remain under submission until after the resolution of this Order to Show Cause.

Thus, it appears to the Court that the length of Defendant's total response to Plaintiff's Motion for Partial Summary Judgment is actually the sum of the pages in its Response (ECF No. 51) and the pages in the improperly, separately filed Response to Plaintiff's Statement of Proposed Undisputed Facts (ECF No. 53), or seventy-three pages.  Therefore, without the necessary Motion for Leave to File Excess Pages, Defendant's Response is in violation of Local Rule 7-4.

### III.   ORDER TO SHOW CAUSE

Accordingly, Defendant Liberty Mutual Insurance Company is ordered to show cause why the Court should not strike Defendant's excessively lengthy response to Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 51, 53).  Defendant shall file its written response to this Order no later than Thursday, February 20, 2014.

If, upon review, the parties realize that there are facts on which they agree, the Court directs that they file such facts jointly.  The Court will except from the page limit any pages dedicated to a *jointly-filed* Statement of Undisputed Facts.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Liberty Mutual Insurance Company shall show cause no later than February 20, 2014, why its Response (ECF No. 51) and its Response to Scottsdale's Statement of Proposed Undisputed Facts (ECF No. 53) should not be stricken for failure to comply with the Local Rules of this District.

**DATED** this __13__ day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge