IAN P. GILLAN, ESQ.
Nevada Bar No. 9034
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599

GREGORY J. KERWIN, ESQ.
Nevada Bar No. 12417
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
Phone: (303) 298-5739
Fax: (303) 313-2829

Attorneys for Defendant,
LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY<br>    Plaintiff/Counter-Defendant,<br>    v.<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>    Defendant/Counter-Plaintiff. | CASE NO. 2:12-cv-01328-GMN-CWH<br><br>**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RESPONSE TO COURT'S FEBRUARY 13, 2014 ORDER TO SHOW CAUSE** |

Gibson, Dunn &
Crutcher LLP

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") submits this Response to the Court's February 13, 2014 Order to Show Cause (ECF No. 57).

1.  Defendant Liberty Mutual apologizes to the Court for not seeking leave to file its 59-page "Response to Scottsdale's Statement of Proposed Undisputed Facts" (filed under seal on December 30, 2013) (ECF No. 53), which was filed as a separate document from Liberty Mutual's Memorandum of Points and Authorities in Opposition to Scottsdale's Motion for Summary Judgment (ECF No. 51) (that opposition brief has a cover page, table of contents, certificate of service and eleven pages of argument).  Liberty Mutual's undersigned counsel viewed that Response—which responded to Scottsdale's "Exhibit 1" in support of its motion for summary judgment—as comparable to an exhibit, which is not encompassed by the page limit in LR 7-4.[1]  But the Court's February 13, 2014 order makes clear that the Court does not view a statement of facts or response to such a statement of facts as an exhibit that is outside of the 30-page limit in Local Rule 7-4, absent leave to file a longer document.  Counsel will not make this mistake again.

2.  As explained in detail below, to address what it believes to be the intent of the Court's Order, during the past week Liberty Mutual's counsel has tried to rectify the situation by negotiating with Scottsdale as many stipulated paragraphs of undisputed facts as possible.  The result of that work is that the parties have been able to re-draft, and thereby agree on, language covering 75 of the 179 paragraphs that Scottsdale had originally presented to the Court as undisputed facts.

3.  In addressing the Court's Order to Show Cause, Liberty Mutual respectfully states that the Court appears to be blaming Liberty Mutual for a situation it did not create:  a complicated, lengthy statement of allegedly undisputed facts from Scottsdale that included many non-neutral, argumentative, and inaccurate descriptions of evidence, which necessitated a complicated, lengthy

---

[1]  Scottsdale's Motion to File Excess Pages (ECF No. 40) did not ask for leave to file a 16-page, single spaced statement of undisputed facts.  It only asked for leave to file "a Motion for Summary Judgment that exceeds the 30 page limit."  ECF 40 at 1.  Scottsdale's motion, standing alone, is 40 pages.

1  response from Liberty Mutual.  Yes, Liberty Mutual neglected to request leave of the Court to file its

2  overlength response on the facts.  But Scottsdale's actions made a lengthy response necessary.

3         4.     Liberty Mutual's 59-page, <u>double-spaced</u> Response (ECF No. 53) was filed in

4  response to Scottsdale's 16-page <u>single-spaced</u> "Statement of Undisputed Facts In Support of

5  Motion for Summary Judgment," (designated Exhibit 1 to Scottsdale's motion for summary

6  judgment, ECF 41).  In that Statement, Scottsdale chose to present to the Court 179 separate

7  paragraphs of allegedly undisputed facts.  Like a response to discovery requests, Liberty Mutual's

8  Response quoted each of Scottsdale's 179 paragraphs and then stated either agreement or objections

9  and identified contrary evidence.  This format of quoting each Scottsdale paragraph from a 16-page

10  single spaced document added about 25-30 double spaced pages of text to Liberty Mutual's

11  Response.  Nevertheless, Liberty Mutual believed that format would save the Court's time so it

12  would not need to consult two separate documents to understand the parties' disagreement, if any,

13  about alleged undisputed facts.  If Liberty Mutual had presented just its paragraph-by-paragraph

14  responses, and not Scottsdale's original paragraphs, its Response would have been around 27-32

15  pages (57 pages of text less about 25-30 pages of proposed facts).

16         5.     As the Order recognizes, Local Rule 56-1 required Liberty Mutual to file as part of its

17  response "a concise statement setting forth each fact material to the disposition of the motion, which

18  the party claims is or is not genuinely in issue, citing the particular portions of any pleading,

19  affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party

20  relies."  Thus Liberty Mutual's response had to address each of Scottsdale's purported 179

21  paragraphs of undisputed facts.[2]  And because Scottsdale chose to include many inaccurate and

22  argumentative statements as purported undisputed facts, Liberty Mutual had to contest many of

23  Scottsdale's paragraphs, rather than simply agree to them.

---

[2]  In contrast, Liberty Mutual's own motion for summary judgment (filed under seal, October 18, 2013) presented concise arguments with a document that comprises a total of only 23 pages of double-spaced text, plus a cover page, table of contents, exhibit list, and certificate of mailing (nine of those pages presented a statement of undisputed facts).

Gibson, Dunn &
Crutcher LLP

6. Here are a few examples of Scottsdale's paragraphs that include extensive argument rather than a neutral description of evidence (argumentative language is in **bold face**):

**SCOTTSDALE PARAGRAPH 152:**

***Dommer's demands were met with indifference, yet, if only for form's sake,*** Kelley made a ***one-time*** approach to Attorney Thompson at the close of evidence. Ex. 25 (App. 3 at 163) [citing an email reporting on a settlement overture].

**SCOTTSDALE PARAGRAPH 176:**

***Although Liberty Mutual clung to the hope of a defense verdict, that hope was a wager against the known (or available) facts regarding the deteriorated slip-resistant coating***. Ex. 18 (App. 3 at 99) [citing an email reporting the court had denied summary judgment in the underlying case].

**SCOTTSDALE PARAGRAPH 178:**

***Notwithstanding its duty and its insured's request, Liberty Mutual threw the towel in*** on the *Gresham* matter and ***attempted to walk away from its failures*** by tending its indemnity limit. Ex. 27 (App. 3 at 166-67) [citing letter tendering policy limit].

While such colorful language might be appropriate in a jury argument, it is not appropriate for a neutral description of evidence to establish an undisputed fact for summary judgment. Thus, Scottsdale presented many purported undisputed facts that should not be viewed as undisputed.

7. Liberty Mutual recognizes that the Court is extremely busy and needs assistance from counsel in narrowing factual disputes as much as possible to facilitate having the Court rule on summary judgment motions. The Court's Order invited counsel to file a "jointly-filed Statement of Undisputed Facts" that would not count against the page limits in LR 7-4. Therefore, Liberty Mutual's counsel (Mr. Kerwin) contacted Scottsdale's counsel immediately on February 13, 2014 to confirm their willingness to discuss some stipulated facts, and then spent most of Saturday and Sunday, February 15-16, 2014 preparing revised text to replace approximately 120 of Scottsdale's 179 proposed paragraphs. Mr. Kerwin sent those proposed stipulated paragraphs to Scottsdale's counsel for his review and comment at 9:15 am Pacific time on Monday, February 17, 2014. Scottsdale's counsel sent their response and revisions at about 11:15 am Pacific time on Wednesday,

1  February 19, 2014.  Scottsdale's counsel accepted or offered minor changes to most of Liberty
2  Mutual's 120 proposed re-drafted paragraphs of undisputed facts, but they declined to accept 36 of
3  those re-drafted paragraphs and offered revisions that were unacceptable to Liberty Mutual for four
4  of those re-drafted paragraphs (Paras. 73, 87, 122, 145).

5        8.    Therefore, based on those recent negotiations in response to the Court's February 13,
6  2014 Order, Liberty Mutual submits as <u>Exhibit A</u> to this Response (which is filed under seal because
7  it discloses the policyholder's confidential, privileged information from the underlying lawsuit) is
8  "Plaintiff's And Defendant's Jointly Filed Agreed Statement Of Undisputed Facts For Purposes Of
9  Parties' Cross-Motions For Summary Judgment."  The parties request that the Court accept the
10 paragraphs in this Jointly Filed Agreed Statement of Undisputed Facts in place of the corresponding
11 numbered paragraphs in Scottsdale's original "Statement of Undisputed Facts" (Exhibit 1 to ECF
12 No. 41).

13       9.    Attached as <u>Exhibit B</u> (and filed under seal) is a document containing the text of
14 Liberty Mutual's re-drafted paragraphs for the 40 paragraphs that Liberty Mutual proposed to
15 Scottsdale on February 17, 2014 but Scottsdale rejected on February 19, 2014 (or in the case of
16 Paragraphs 73, 87, 122, and 145 it suggested changes that Liberty Mutual believes make the
17 statements in the paragraphs incomplete or misleading).

18       10.    Attached as <u>Exhibit C</u> (and filed under seal) is a document containing "Defendant
19 Liberty Mutual Insurance Company's Amended Response To Scottsdale's Statement Of Proposed
20 Undisputed Facts."  This amended response necessarily includes the approximately 40 paragraphs
21 covered by <u>Exhibit B</u>, because the parties were unable to agree on those paragraphs in their recent
22 discussions.

23       11.    In light of the information in this Response, Liberty Mutual respectfully requests
24 leave of the Court under LR 7-4 and 56-1 to file:

25       a.    its Amended Response to Scottsdale's Statement of Proposed Undisputed
26     Facts (in the form attached hereto as Exhibit C), which comprises 40 double-spaced pages;
27     together with

b.  Liberty Mutual's Memorandum of Points and Authorities in Opposition to Scottsdale's Motion for Summary Judgment (already filed as ECF No. 51), which consists of fourteen pages including: a cover page, table of contents, certificate of service and eleven pages of argument.

Taken together, these documents consist of 54 pages of double-spaced text. There is good cause for the Court to allow approximately 24 extra double-spaced pages beyond the 30-page limit in LR 7-4. The extra pages are necessary and appropriate here because of the need for Liberty Mutual to respond to 104 separate paragraphs of factual statements from Scottsdale that are still disputed. Liberty Mutual's response to Scottsdale's facts includes the text of each Scottsdale paragraph that Liberty Mutual contends is disputed to make it easier for the Court to understand the parties' disagreement. If the Court grants this request, Liberty Mutual's combined factual and legal response to Scottsdale's motion for summary judgment will be shorter than Scottsdale's combined 40 page double-spaced motion and 16-page single spaced statement of alleged undisputed facts, and Liberty Mutual's factual response includes the text of each of the 104 paragraphs of Scottsdale fact statements that require a response.

12.  The following table may assist the Court in tracking the status of each of the 179 paragraphs in Scottsdale's original proposed Statement of Undisputed Facts (ECF 41, Exhibit 1):

| Scottsdale proposed paragraphs of Undisputed Facts that are now superseded by paragraphs in the Jointly Filed Statement of Undisputed Facts (Exhibit A) | Scottsdale proposed Undisputed Facts that Liberty Mutual still contends are disputed (Exhibit C) | Scottsdale proposed Undisputed Facts for which Liberty Mutual proposed neutral alternative language but Scottsdale declined to accept such language (Exhibit B) |
|---|---|---|
| 1-4 | 5-12 | 5-7 |
| 13-17 | 18-20 | 18-20 |
| 21 | 22 | 33 |
| 23-27 | 28-29 | 36 |
| 30-32 | 33 | 40-43 |
| 34-35 | 36-38 | 50 |
| 39 | 40-43 | 58 |
| 44-49 | 50 | 62 |
| 51-57 | 58 | 65 |

5

| | | |
|---|---|---|
| 59-60 | 61-63 | 73 |
| 64 | 65 | 75-80 |
| 66-72 | 73 | 87-88 |
| 74 | 75-82 | 97-98 |
| 83 | 84 | 104 |
| 85-86 | 87-88 | 108 |
| 89-90 | 91-92 | 115 |
| 93 | 94-98 | 122 |
| 99 | 100-104 | 129-132 |
| 105-107 | 108 | 136-137 |
| 109-110 | 111-113 | 145 |
| 114 | 115 | 151-152 |
| 116 | 117-118 | 158 |
| 119-120 | 121-122 | 160-161 |
| 123 | 124-125 | 169 |
| 126 | 127-132 | |
| 133 | 134-137 | |
| 138-139 | 140 | |
| 141 | 142-148 | |
| 149-150 | 151-154 | |
| 155 | 156 | |
| 157 | 158 | |
| 159 | 160-161 | |
| 162 | 163-170 | |
| 171 | 172-176 | |
| 177 | 178-179 | |

13.    Liberty Mutual recognizes that it will still be complicated for the Court to consider Scottsdale's proposed set of 179 paragraphs of facts, approximately 75 of which have been re-drafted into agreed undisputed facts (Exhibit A), and about 104 of which are still disputed (Exhibit C).   But Liberty Mutual believes it has valid, good faith reasons to challenge those remaining disputed facts.  And it is not the party asking the Court to decide a summary judgment motion based on such a complex array of factual arguments.

WHEREFORE, Liberty Mutual respectfully requests that the Court:

a. discharge its Order to Show Cause and <u>not</u> strike ECF No. 51;

b. accept for filing Plaintiff's And Defendant's Jointly Filed Agreed Statement Of Undisputed Facts For Purposes Of Parties' Cross-Motions For Summary Judgment (<u>Exhibit A</u> hereto) (the Court's February 13, 2014 Order, ECF No. 57 at 3, indicates such agreed facts will be excepted from page limits under LR 7-4);

c. grant a page extension of 24 pages beyond the normal 30-page limit for Liberty Mutual's Response to Scottsdale's motion for summary judgment (previously filed ECF No. 51); and its Amended Response to Scottsdale's proposed Statement of Undisputed Facts (<u>Exhibit C</u> hereto);

d. grant leave for Liberty Mutual to file its Amended Response to Scottsdale's Statement of Proposed Undisputed Facts (in the form attached hereto as <u>Exhibit C</u>) (which replaces ECF No. 53), in addition to the previously filed Memorandum of Points and Authorities in Opposition to Scottsdale's Motion for Summary Judgment (ECF No. 51).

DATED:  February 20, 2014.            Respectfully submitted,

IAN P. GILLAN, ESQ.
   Nevada Bar No. 9034
KOELLER NEBEKER CARLSON
& HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV 89101

GIBSON, DUNN & CRUTCHER LLP

By:   *s/ Gregory J. Kerwin*
   GREGORY J. KERWIN, ESQ.
   Nevada Bar No. 12417
   1801 California Street, Suite 4200
   Denver, Colorado 80202

Attorneys for Defendant LIBERTY MUTUAL INSURANCE COMPANY

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on the 20th day of February, 2014, I served a copy of the foregoing DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RESPONSE TO COURT'S FEBRUARY 13, 2014 ORDER TO SHOW CAUSE on counsel listed below through the Court's ECF system:

Martin J. Kravitz
Tyler Watson
Christian, Kravitz, Dichter, Johnson & Sluga, LLC
8985 South Eastern Avenue, Suite 200
Las Vegas, NV  89123

Email:
mkravitz@ksjattorneys.com
tjwatson@ksjattorneys.com

*Attorneys for Plaintiff, Scottsdale Insurance Company*

                                            *s/ Gregory J. Kerwin*
                                            of Gibson, Dunn & Crutcher LLP