UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | Case No.: 2:12-cv-01328-GMN-CWH |
| Plaintiff/Counterclaim Defendant, | |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | **ORDER CERTIFYING QUESTION OF LAW TO THE NEVADA SUPREME COURT** |
| Defendant/Counterclaim Plaintiff. | |

To:     The Nevada Supreme Court

(1)     <u>The question of law to be answered</u>:

The Court enters this certification order and requests under Nev. R. App. P. 5 that you answer the following question of law:

Does Nevada recognize a claim for equitable subrogation by an umbrella/excess insurance carrier against an underlying umbrella/excess insurance carrier or a primary insurance carrier? If so: a) under what circumstances can such a claim be asserted; b) what are the elements of such an equitable subrogation claim, and c) what defenses can be asserted to such a claim? In particular, does an underlying insurance carrier or a primary insurance carrier owe any duties to an umbrella/excess insurance carrier? Alternatively, does the insurance carrier asserting an equitable subrogation claim stand in the shoes of the insured, and when, if at all, can that insurance carrier assert a claim if the insured would be barred from, or limited in, doing so? Finally, can an umbrella/excess carrier assert contractual subrogation rights based upon the provisions of the policy between the insured and umbrella carrier separate from a claim for equitable subrogation?

(2)     <u>Statement of all facts relevant to the questions certified and nature of the controversy in which the question arose</u>:

A long-haul truck driver, Sandra Gresham ("Gresham"), suffered a serious leg injury when she fell in the truck wash area at a truck stop operated by Petro Stopping Centers ("Petro") in Sparks, Nevada. Gresham sued Petro in federal court in Reno contending it was negligent and caused her injury. For liability claims like the Gresham claim, Petro had a $250,000 self-insured amount and two layers of excess or umbrella insurance:

| Claim amount | Source of payment |
| --- | --- |
| $0 to $250,000 | Self-insured amount paid by insured: Petro |
| $250,000 to $1 million | Liberty Mutual excess insurance policy |
| $1 million to $20 million | Scottsdale excess insurance policy |

Prior to the trial, Gresham served an Offer of Judgment on Petro offering to settle for $499,999.99, which was not accepted. At trial, the jury returned a verdict in favor of Gresham awarding approximately $3.24 million in damages against Petro. The jury attributed 10% comparative fault to Gresham. Therefore, the trial judge reduced the damage award to $2.92 million and entered a judgment against Petro for that amount. The Gresham case was settled while it was on appeal to the U.S. Court of Appeals for the Ninth Circuit with payments from Petro, Liberty Mutual, and Scottsdale.

In this action, Scottsdale asserted claims for declaratory judgment and "equitable subrogation" seeking to recover from Liberty Mutual all amounts that Scottsdale paid for settlement of the Gresham claim. Below is a one-paragraph summary of each party's principal contentions that may be relevant to the Nevada Supreme Court's consideration of the certified issue. The parties do not agree about each other's summaries below of the underlying facts and this Court has not decided any factual disputes yet including the disputes reflected in the alternative paragraphs below:

    A.    <u>Scottsdale alleges and contends</u>:

The Liberty Mutual policy at issue provided that Liberty Mutual could terminate the insured's duty to defend and investigate at its discretion – which it did in the Gresham matter. At the beginning of the litigation, Petro tendered the claim to Liberty Mutual along with its $250,000 self-insured retention. Throughout the claim period and litigation, Liberty Mutual controlled the investigation, the litigation and the settlement decisions. Petro's in-house

counsel did not control the litigation but merely monitored its progress and never instructed Liberty Mutual to not contribute the full $250,000 towards a settlement. Accordingly, Liberty Mutual was obligated to defend and attempt to reasonably settle the Gresham claim within policy limits pursuant to Nevada statutes. By July 2009, Gresham had accumulated medical bills totaling more than $249,000. Liberty Mutual, however, never offered more than $250,000 in settlement and thus -- because of the $250,000 retention for which Petro was responsible -- never offered any of the insurer's own policy funds toward a settlement. In fact Liberty Mutual rejected Gresham's July 2009 offer of judgment in the amount of $499,999.99. Accordingly, Scottsdale has a valid claim under subrogation principles concerning Liberty Mutual's handling of the case, bad faith rejection of the offer of judgment, and unreasonable failure to settle the Gresham claim within policy limits when it had the opportunity to do so.

      B.     Liberty Mutual alleges and contends:

Liberty Mutual's excess insurance policy with Petro provided that Petro (the insured) was responsible for the investigation of the Gresham accident and the defense of the Gresham lawsuit. That insurance policy required Liberty Mutual to obtain the "prior consent of the insured" for any settlement, including one that exceeded the self-insured amount. Liberty Mutual disputes Scottsdale's contention that it assumed control from Petro for the investigation or defense of the Petro claim. Petro hired a third-party administrator (Helmsman Management Services), which is a separate company but affiliated with Liberty Mutual, to handle certain claims administration work for Petro, but Petro remained responsible for the investigation and defense of the Gresham claim. Petro's in-house counsel: a) selected defense counsel; b) closely monitored the defense of the Gresham lawsuit; c) participated in discussions about possible pre-trial settlement; and d) did not want to accept Gresham's $499,999.99 offer of judgment. Therefore, Liberty Mutual contends Scottsdale cannot assert a valid claim for equitable subrogation concerning the failure to settle the Gresham claim before trial, even though an excess judgment was entered against Petro (the insured) after the trial, because the insured participated in, and agreed with, the pre-trial

decisions on settlement offers and could not assert its own claim against Liberty Mutual. When the insured cannot assert its own claim, there cannot be any derivative claim by another insurer like Scottsdale for equitable subrogation.

(3)     <u>Designation of Appellant and Respondent in the Supreme Court</u>:

The Court recommends that Scottsdale be deemed the Appellant and Liberty Mutual deemed the Respondent. Because Defendant filed a counterclaim for declaratory judgment, and both parties raised the legal issue presented here in cross motions for summary judgment, the Court recommends the Nevada Supreme Court allow a sur-reply brief (analogous to how the briefing would proceed with a cross-appeal). Thus there would be: a) an Opening Brief for Appellant; b) an Answer Brief for Respondent; c) a Reply Brief for Appellant; and d) a Sur-Reply Brief for Respondent.

(4)     <u>The names and addresses of counsel for the appellant and respondent</u>:

| Appellant/Plaintiff<br>Scottsdale Insurance Company | Respondent/Defendant<br>Liberty Mutual Insurance Company |
|---|---|
| Martin J. Kravitz<br>Nevada Bar No. 83<br>mkravtiz@ksjattorneys.com | Ian P. Gillian<br>Nevada Bar No. 9034<br>ian.gillian@knchlaw.com |
| Gena L. Sluga<br>Nevada Bar No. 9910<br>gsluga@cdslawfirm.com | Gregory J. Kerwin<br>Nevada Bar No. 12417<br>gkerwin@gibsondunn.com |
| Tyler J. Watson<br>Nevada Bar No. 11735<br>tjwatson@ksjattorneys.com | David M. Gould, Esq.<br>Nevada Bar No. 11143<br>david.gould@knchlaw.com |

(5)     <u>Any other matters that the certifying court deems relevant to a determination of the questions certified</u>:

None.

The Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. Nev. R. App. P. 5(d).

**IT IS SO ORDERED** this 9th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

APPROVED AS TO FORM AND CONTENT:

CHRISTIAN, KRAVITZ, DICHTER,
JOHNSON & SLUGA, LLC

/s/ Martin J. Kravitz
_____
Martin J. Kravitz, Esq.
Gena Sluga, Esq.
Tyler Watson
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123

*Attorneys for Plaintiff, Scottsdale Insurance Company*

KOELLER, NEBEKER, CARLSON & HALUCK, LLP

/s/ Ian P. Gillan
_____
Ian P. Gillan, Esq.
David M. Gould, Esq.
300 South Fourth Street, Suite 500
Las Vegas, NV  89101

*Attorneys for Defendant, Liberty Mutual Insurance Company*

GIBSON, DUNN & CRUTCHER LLP

/s/ Gregory J. Kerwin
_____
Gregory J. Kerwin, Esq.
1801 California Street, Suite 4200
Denver, CO  80202

*Attorneys for Defendant, Liberty Mutual Insurance Company*

2014-09-29 HEARING PROPOSEDORDER 10-7 VERSION.DOCX